UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Insulation by Cohen's, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>USI Insurance Services LLC,<br><br>   Defendant. | Civil Action No.2:26-cv-00968-DCN<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Insulation by Cohen's, LLC ("Plaintiff"), complaining of Defendant USI Insurance Services LLC ("Defendant"), respectfully shows and alleges unto this Honorable Court as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of South Carolina.

2. Defendant is a limited liability company organized and existing under the laws of the State of Delaware, whose member(s), upon information and belief, is/are not citizens of the State of South Carolina.

3. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, for the purpose of obtaining a judicial declaration of the rights, duties, and legal relations of the parties.

4. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201, as the parties have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, there is complete diversity of citizenship between the parties and the amount in controversy, based on the monetary value of the right Plaintiff seeks declared, exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6. This Court has personal jurisdiction over the defendant because Defendant (a) conducts substantial business in this district, and/or (b) has purposefully availed itself of the privilege of conducting activities within this district, giving rise to the claims asserted in this action.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

8. Plaintiff installs insulation for both commercial and residential buildings, including but not limited to multifamily and townhome properties across South Carolina and other states.

9. Defendant is a national insurance brokerage firm that acts as an intermediary between its clients and insurance carriers and secures insurance coverage for its clients that is supposed to be tailored to its clients' needs.

10. For approximately two and a half years, Defendant served as Plaintiff's insurance broker and was responsible for procuring and managing multiple insurance policies on the Plaintiff's behalf, including, without limitation, policies identified as Venture GL ATN2316025 and Venture GL ATN2428388 (the "Policies").

11. Around April 1, 2024, during a policy renewal process, Plaintiff's authorized representative Ethan Gaskins informed Defendant's agent Adam Walton ("Mr. Walton") that Plaintiff performed extensive work on multifamily homes and townhomes and thus required

coverage that would not exclude this core work.

12. Mr. Walton, acting as Defendant's agent, expressly represented that he would broker and secure a policy in which the townhome exclusion would apply only to (a) buildings over five (5) stories, or (b) buildings with over two hundred (200) units.

13. Based on this representation, Plaintiff agreed to proceed with Defendant securing an insurance policy with the aforementioned townhome exclusion, because none of Plaintiff's insulation installation work would trigger the threshold for the application of the exclusion proposed by Mr. Walton, acting as Defendant's agent.

14. Contrary to its representations, Defendant failed to procure a policy with the agreed-upon exclusion.

15. Instead, a broader exclusion was placed which excluded coverage for Plaintiff's townhome work entirely.

16. Unbeknownst at the time, this exclusion of coverage left Plaintiff exposed to claims for which Plaintiff has no insurance coverage.

17. In October 2024, Plaintiff received a claim relating to a townhome project and promptly reported it to Defendant.

18. Defendant advised Plaintiff that coverage was denied by the carrier because of the townhome exclusion that was broader than what was represented by Mr. Walton, acting as Defendant's agent.

19. When questioned, Mr. Walton admitted the application of the broader exclusion and the denial of coverage were mistakes.

20. However, Defendant subsequently informed Plaintiff that it had not bound the coverage correctly and refused to correct the error or accept responsibility.

21. As a result, Plaintiff was left exposed to a seven-month period in 2024 with no insurance coverage for its townhome work, given the overly broad townhome exclusion that was not agreed to by Plaintiff and misrepresented by Defendant, and Defendant refused to assist in remedying the problem.

22. On March 29, 2025, during the next renewal cycle, Plaintiff raised these issues with another representative of Defendant, John Boetsch, who admitted that although Mr. Walton would not acknowledge it, Mr. Walton had instructed internal account managers to bind the incorrect coverage — confirming Defendant's subsequent internal awareness of its error.

23. Additional errors surfaced, including Defendant's mischaracterization of Plaintiff's policy as a self-insured retention when it was actually a per-occurrence deductible policy.

24. Further, on October 10, 2025, Defendant informed Plaintiff that another agent, Ethan Knight, had been terminated for another mistake involving Plaintiff—specifically relating to the Residential Property Policy—and that Defendant had canceled the policy, leaving Plaintiff uninsured.

25. Defendant required Plaintiff to pay forty-one thousand, two hundred and ten dollars ($41,210.00) for a replacement Residential Property Policy, promising it would provide a credit in that amount.

26. Further, to monitor a denied claim resulting from Defendant's earlier errors, Plaintiff was also forced to pay six thousand, six hundred and fifty-four dollars and fifty-nine cents ($6,654.59).

27. As a direct result of Defendant's negligence, misrepresentations, and failures, Plaintiff has been exposed to significant periods during which it has no applicable insurance coverage for townhome and residential property work—core areas of its business—and faces

potential uninsured liability for claims.

<strong><u>FOR A FIRST CAUSE OF ACTION</u></strong><br><strong>(Declaratory Judgment – Negligence)</strong>

28.    Plaintiff incorporates the foregoing paragraphs as if fully and completed restated herein.

29.    An active and now existing dispute and/or controversy exists between Plaintiff and Defendant.

30.    This action is brought under the provisions of Rule 57 of the Federal Rules of Civil Procedure and Section 2201 of Title 28 of the United States Code and there is a real and justiciable controversy between the parties by these proceedings. Plaintiff requests that this Court inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth above and below.

31.    Defendant owed Plaintiff a duty to exercise reasonable skill, care, and diligence in procuring and advising Plaintiff regarding insurance coverage appropriate for its known business activities.

32.    Defendant breached that duty by, including but not limited to:

   a. failing to bind the agreed-upon townhome exclusion;
   b. misrepresenting the scope of coverage obtained;
   c. providing incorrect information regarding Plaintiff's deductible/retention structure;
   d. improperly canceling Plaintiff's Residential Property Policy;
   e. failing to correct known errors despite multiple opportunities; and
   f. other acts and omissions that may be uncovered through the course of discovery.

33. Defendant's breaches have caused Plaintiff harm and exposed Plaintiff to uninsured liabilities.

34. Plaintiff is therefore entitled to a judicial declaration that:

    a. Defendant breached its insurance-brokerage duties and was negligent vis-à-vis its brokerage services provided to Plaintiff;

    b. Defendant's negligence caused Plaintiff's uninsured exposures and foreseeable financial losses; and

    c. Defendant is responsible for all losses proximately resulting from its negligence, including but not limited to uninsured claims, out-of-pocket payments, and the costs created by Defendant's failure to procure and maintain promised coverage.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that this Court:

i. issue declarations set forth above;

ii. award Plaintiffs the cost of this action including reasonable attorneys' fees to the extent allowed by law; and/or

iii. for such other and further relief as this Court deems just and proper.

Respectfully,

*s/ Rhett D. Ricard*
Rhett D. Ricard, Fed. Bar No. 13549
rricard@maynardnexsen.com
MAYNARD NEXSEN PC
205 King Street, Suite 400
Charleston, SC  29401

March 6, 2026
Charleston, South Carolina                    Attorney for Plaintiff